772 A.2d 926

THOMAS TRANTINO, RESPONDENT & CROSS–APPELLANT, v. NEW JERSEY STATE PAROLE BOARD AND THE NEW JERSEY DEPARTMENT OF CORRECTIONS, APPELLANTS & CROSS–RESPONDENTS.

March 14, 2001.

This matter having come before the Court on a joint motion of Thomas Trantino and the Department of Corrections seeking to have the Court modify its judgment in respect of the halfway house placement of Thomas Trantino;

And movants having consented to a proposed form of Order that sets forth "the more notable terms of the agreement between the State of New Jersey and the receiving State;"

And good cause appearing;

IT IS ORDERED that the joint motion to modify the judgment of the Court is granted to permit an out-of-state transfer of Thomas Trantino in a manner consistent with the terms set forth in the proposed consent order, which terms are incorporated by reference herein. The Court expresses no view on the adequacy

of the provisions of the sending and receiving agreement entered into by the State, as outlined in the attached consent order.

Justices STEIN, COLEMAN, LONG, HAVEY and BAIME join in the Court's Order.

Chief Justice PORITZ and Justices VERNIERO, LaVECCHIA, and ZARRALI did not participate.

## CONSENT ORDER

WHEREAS, Appellant, Thomas Trantino, pursuant to an order of the Supreme Court, has been placed in a halfway house in Camden County by Respondent, the New Jersey Department of Corrections ("DOC"); and

WHEREAS, Appellant and Respondent, DOC, believe that it would be in the best interests of Mr. Trantino and the public for Mr. Trantino to reside in a halfway house out-of-state; and

WHEREAS, discussions have occurred with other states regarding Mr. Trantino's placement and an agreement has been reached with one of theses states to place Mr. Trantino in a halfway house out-of-state; and

WHEREAS, counsel for Appellant Thomas Trantino has reviewed the agreement reached between the DOC and the State agreeing to receive Mr. Trantino (the "receiving State") for placement of Mr. Trantino in a halfway house and is satisfied with the terms of that agreement and has concluded that such a transfer is likely to be in the best interests of Mr.Trantino; and

WHEREAS, the more notable terms of the agreement between the State of New Jersey and the receiving State provide that:

1. Mr. Trantino must consent to a transfer to the receiving State and execute a waiver form attesting to such agreement.

2. Mr. Trantino is to be placed in a facility in the receiving State for a period of up to two weeks to allow for an evaluation of

his halfway house placement needs. Thereafter, Mr. Trantino would be placed in a halfway house in the receiving State.

3. The receiving State is to care for Mr. Trantino and provide for his physical, medical and psychological needs.

4. Mr. Trantino is to have the opportunity to participate in occupational training or other work on the same basis as inmates can do in the receiving State.

5. Mr. Trantino will be subject to the internal rules and regulations for discipline of the receiving State. Adjudication of disciplinary charges against Mr. Trantino is to be in a manner consistent with the receiving State's usual and customary practice.

6. While disciplinary proceedings are pending and, where necessary, Mr. Trantino may be transferred to a medium or minimum security facility. However, if Mr. Trantino is found not guilty, he is to be returned to a halfway house placement. If Mr. Trantino is adjudicated guilty of the disciplinary charge, he may be returned to the appropriate custody level consistent with the receiving State's classification and security assessment needs.

7. Mr. Trantino may be transferred from one institution or halfway house program to another while in the receiving State. However, such a transfer must be consistent with how other inmates in that State are transferred. The State of New Jersey is also to be given notice at the earliest practicable time of any such transfers.

8. Periodic assessments of Mr. Trantino are to be conducted by the receiving State and sent to the State of New Jersey in order for New Jersey officials to assess Mr. Trantino and determine whether he meets this Court's pre-release condition mandating his "satisfactory completion" of twelve months in a halfway house.

9. The termination of the agreement between the State of New Jersey and the receiving State is to occur on February 12, 2002; the date when Mr. Trantino is to be released on parole by order of

this Court if he satisfactorily completes his twelve months in a halfway house. The receiving State can terminate sooner if Mr. Trantino is in danger or creates a danger to inmates, staff or the public or if he is no longer eligible for halfway house placement in that State.

10. Mr. Trantino is to have the opportunity to apply for out-of-state placement on parole. However, Mr. Trantino must file an application for such out-of-state placement on parole and be subject to the terms of the Interstate Compact for Probationers and Parolees, *N.J.S.A.* 2A: 168–14.

NOW, THEREFORE, based on the above attestations, the Parties seek an order modifying this Court's prior order requiring a halfway house placement for Thomas Trantino within a reasonable proximity to the Camden/Cherry Hill, New Jersey area, thereby allowing Mr. Trantino to be placed in a halfway house out-of-state.

DATED: March 5, 2001

/s/ Roger Lowenstein
Roger Lowenstein, Esquire
Attorney for appellant,
Thomas Trantino

JOHN J. FARMER, JR.
ATTORNEY GENERAL OF NEW JERSEY
Attorney for respondents,
New Jersey Parole Board and
New Jersey Department of Corrections

DATED: March 2, 2001

/s/ Howard J. McCoach
Howard J. McCoach
Deputy Attorney General

   SO ORDERED.